IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SARAH TALBERT and
JAMES TALBERT,

            Plaintiffs,

v.                               CIVIL ACTION NO. 3:25-0535

ST. MARY'S MEDICAL CENTER, INC.,
DOE CORPORATIONS 1-5,
DOE PHYSICIANS 1-5,
DOE N.P'S [sic] 1-5,
DOE P.A'S [sic]1-5,
DOE R.N'S [sic], and
DOE EMPLOYEES 1-5,

            Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant St. Mary's Medical Center, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (ECF 10). The Court **DENIES** the Motion.

I.     BACKGROUND

The plaintiffs in this action are Sarah and James Talbert. *See* ECF 8, Amend. Compl. §§ 6–7. According to Plaintiffs' Amended Complaint, Ms. Talbert began experiencing symptoms consistent with a stroke, and her family took her to St. Mary's Medical Center (SMMC). *See id.* §§ 21–22.

After Ms. Talbert arrived, Filomena Gool, a registered nurse and SMMC's employee, conducted a "triage examination." *Id.* §§ 15–23. According to the "triage encounter record," Gool "did not evaluate Plaintiff for facial droop or symmetry, did not assess Plaintiff for arm drift or weakness, and did not examine Plaintiff's pupils for size or reactivity." *Id.* § 24. Plaintiffs allege

that the examination was inconsistent "with how [SMMC] would screen other patients presenting with similar symptoms." *Id.* § 53.

Gool ultimately concluded "that Plaintiff's symptoms were caused by a psychiatric or behavioral issue . . . ." *Id.* § 28. Over nine hours later, it was discovered that Ms. Talbert was, in fact, suffering from a stroke. *See id.* §§ 32–34. Plaintiffs allege that, because Gool misclassified Ms. Talbert's ailment and thereby delayed her receiving proper treatment, Ms. Talbert suffered "permanent and substantial brain injury" and "required extensive rehabilitation services . . . ." *Id.* §§ 36, 47–48.

Plaintiffs sued, alleging that Defendants violated West Virginia law, as well as the federal Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. *See id.* §§ 53, 66–67, 84, 100. Plaintiffs also seek a declaration "regarding (1) the applicability of W. Va. Code § 55-7B-9c to the facts of this case; and (2) the constitutionality of W. Va. Code § 55-7B-9c . . . ." *Id.* § 106.

SMMC then filed the present Motion, asking the Court to dismiss the Amended Complaint for lack of subject-matter jurisdiction. *See* ECF 10 at 1. SMMC argues that, because the Amended Complaint does not plead sufficient facts to support an EMTALA claim, the Court lacks jurisdiction over Plaintiffs' action. *See id.*

II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss an action for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

A 12(b)(1) motion can take two different forms:

> A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. On the other hand, a "factual attack" challenges

>the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."

*Adkins v. United States*, 923 F. Supp. 2d 853, 856–57 (S.D. W. Va. 2013) (internal citations omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)). Here, SMMC is asserting a facial attack. *See* ECF 11 at 1.

Generally, a federal court has subject-matter jurisdiction "only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied." *Stafford v. Discover Bank*, 350 F. Supp. 2d 695, 697 (M.D.N.C. 2004). It is undisputed that this Court lacks diversity jurisdiction over the present action. Instead, Plaintiffs assert that the Court has federal-question jurisdiction. *See* ECF 13 at 1. A federal court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

According to SMMC, the Court lacks federal-question jurisdiction because Plaintiffs have failed to allege the elements of their sole federal claim. *See* ECF 11 at 1. "The failure to state the elements of a federal claim can form the basis of a Rule 12(b)(1) motion 'only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

III.   ANALYSIS

The parties agree that the Court's jurisdiction over this case turns on whether Plaintiff's Amended Complaint states a valid EMTALA claim. *See* ECF 11 at 1; ECF 13 at 11. EMTALA

requires hospital emergency rooms to "screen all patients as any paying patient would be screened and to stabilize any emergency condition discovered." *Brooks v. Md. Gen. Hosp., Inc.*, 996 F.2d 708, 711 (4th Cir. 1993). According to SMMC, Plaintiffs have failed to state an EMTALA claim because they "do not allege in their Amended Complaint that . . . Ms. Talbert's screening was not uniformly performed and allegedly deviated from SMMC's standard screening examination." ECF 11 at 7.

SMMC is mistaken. Plaintiff's Amended Complaint alleges that, "[i]n Plaintiff's case, SMMC failed to provide a[] . . . screening examination consistent with . . . how it would screen other patients presenting with similar symptoms." Amend. Compl. § 53. Accordingly, Plaintiffs have plausibly alleged an EMTALA claim, and the Court has subject-matter jurisdiction over this action.

IV. CONCLUSION

The Court **DENIES** Defendant SMMC's Motion to Dismiss Plaintiffs' Amended Complaint (ECF 10).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   December 16, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE